IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICKY KLEIN and TERRY KLEIN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:14-cv-2699-G-BN |
| | § | |
| SILVERSEA CRUISES, LTD., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER STAYING DISCOVERY**

Defendant Silversea Cruises, Ltd. has filed a Motion for Protective Order, asking for an order staying discovery until the Court has decided Defendant's pending Motion to Transfer Venue [Dkt. No. 9]. *See* Dkt. No. 22. As required by the requirements of the Court's Standing Order on Discovery Motions [Dkt. No. 8], the parties have now filed their Joint Status Report Regarding Defendant's Motion for Protective Order. *See* Dkt. No. 24.

The Court GRANTS Defendant's Motion for Protective Order [Dkt. No. 22] for the reasons explained below.

**Background**

On August 6, 2014, Silversea filed its Motion to Transfer Venue [Dkt. No. 9] on the basis that the Plaintiffs Vicky and Terry Klein entered into a contract with Defendant that contained a forum selection clause requiring that all litigation related to the cruise at issue be filed in the State of Florida. That motion remains pending, and

Defendant seeks to stay all discovery pending that motion's determination.

**Analysis**

Control of discovery is committed to this Court's sound discretion, *see generally Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009), and the Court has discretion to stay discovery "for good cause shown," FED. R. CIV. P. 26(c)(1); *see generally Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990).

The United States Court of Appeals for the Fifth Circuit has held a stay of discovery to be appropriate in a similar situation. *See Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994). The Court of Appeals explained in *Enplanar* that it had found no authority "holding [a] district court has abused its discretion in denying merits-related discovery pending ruling on a motion for change of venue," where "[f]ederal courts have long recognized that two of the factors supporting a change in venue are convenience of the witnesses and the location of records and documents," where these factors "necessarily implicate the ease of conducting merits-related discovery in a location which is near the relevant witnesses and documents," and where, "if a change of venue motion is granted, the discovery is not denied but merely delayed." *Id.*

Defendant relies on these same points in support of their motion requesting a stay. Based on these same considerations, the Court finds good cause to, in its discretion in this particular case, order the stay of all discovery pending a decision on

Defendant's motion to transfer.

The Court is not persuaded by Plaintiffs' counter-arguments. *See* Dkt. No. 24. Plaintiffs argue that advances in internet and associated technologies eliminate the witness and document convenience argument advanced in favor of a stay in *Enplanar* and by Defendant here. But the United States Supreme Court has very recent reaffirmed the general applicability of these considerations in connection with a 28 U.S.C. § 1404(a) venue transfer analysis. *See Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S.Ct. 568, 581 (2013). And, in this case, the Court has nothing before it to suggest that Defendant's documents at issue or its witnesses to be made available for deposition would be electronically available to such an extent as to, in this case, eliminate these considerations of witness convenience and record and document location and their weighing in favor of a stay.

In *Enplanar*, the Court of Appeals further explained that the nonmoving party there opposing a stay "tendered no showing that the delay in discovery somehow prejudiced their case ... through loss of documents or unavailability of witnesses." 11 F.3d at 1291. Plaintiffs here generally assert that "[t]he prejudice caused by the delay of discovery outweighs staying discovery until a ruling on the Defendant's motion to transfer venue" because "[d]elay in discovery will lead to a loss of evidence – documents can be misplaced or destroyed and most importantly, witnesses' memories can fade, thereby frustrating Plaintiffs' abilities to put forth an effective case." Dkt. No. 24 at 6. But the Court finds that argument to be no more persuasive than what the Court of

Appeals rejected 20 years ago, where Plaintiffs' argument could be made in response to any request for a stay, including the stay that the Fifth Circuit affirmed in *Enplanar*.

Further, the stay requested here does not involve the length of the stay at issue in *Alcala v. Webb County*, 625 F. Supp. 2d 391, 414 (S.D. Tex. 2009), on which Plaintiffs rely. Defendant requests a stay pending a decision on a ripe motion, not pending resolution of a separate case, as in *Alcala*.

Finally, Plaintiffs do not disagree that resolving the pending motion to transfer does not require discovery but instead argue that conducting discovery will not prejudice that motion's resolution because "there is no prejudice in transferring venue AFTER discovery has commenced." Dkt. No. 24 at 6. But that argument does not address the fact that, as the Court of Appeals explained in *Enplanar*, a district court can properly consider "the ease of conducting merits-related discovery in a location which is near the relevant witnesses and documents" and that, "if a change of venue motion is granted, the discovery is not denied but merely delayed." 11 F.3d at 1291. That staying discovery may not be necessary to grant the transfer that Defendant seeks does not undermine Defendant's showing of good cause to preclude discovery until the Court has decided whether this case will proceed in this or another venue.

## Conclusion

The Court GRANTS Defendant's Motion for Protective Order [Dkt. No. 22] and ORDERS that all discovery is stayed pending the Court's entry of an order resolving

Defendant's pending Motion to Transfer Venue [Dkt. No. 9].

SO ORDERED.

DATED: December 16, 2014

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE