UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VICKY KLEIN, ET AL.,              )<br>                                              )<br>            Plaintiffs,                )<br>                                              )<br>VS.                                         )<br>                                              )<br>SILVERSEA CRUISES, LTD.,   )<br>                                              )<br>            Defendant.              ) | CIVIL ACTION NO.<br><br>3:14-CV-2699-G |

MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant Silversea Cruises, Ltd. (Silversea") to transfer venue of this case to the United States District Court for the Southern District of Florida, Fort Lauderdale Division (docket entry 9).  For the reasons stated below, the motion is granted.

I.  BACKGROUND

On February 2, 2014, plaintiff Vicky Klein ("Mrs. Klein") contacted Silversea about taking a cruise.  Defendant's Brief in Support of Defendant's Motion to Transfer ("Motion") at 2 (docket entry 10).  On February 5, 2014, Mrs. Klein made reservations for her husband and herself for an eight day cruise aboard the Silversea

cruise ship *MV Silver Spirit*.  *Id*.  Thereafter, Silversea employee Marie Kneale ("Kneale") emailed Mrs. Klein to confirm the reservation and to deliver an invoice.  *Id*.  On February 13, 2014, Mrs. Klein paid for the cruise in full.  *Id*.  In response, Kneale confirmed the reservation via email with an updated invoice.  *Id*.  Each of Kneale's emails included a link to terms and conditions listed on the Silversea website, www.silversea.com.  *Id*. at 2-3.  The website includes a link to Silversea's terms and conditions page.  *Id*. at 3.  The second paragraph of the terms and conditions page reads, in pertinent part, as follows:

> The transportation of guests and baggage on Silversea vessels is provided solely by Silversea and is governed by the terms and conditions printed on the Passage Contract.  The Passage Contract can be <u>viewed online</u> and will be included with your travel documents.  It contains complete and important information regarding cancellations, itineraries, Silversea's liability, health and immigration requirements, and other relevant terms and conditions.  The terms and conditions of the Passage Contract will apply to persons who have booked a cruise regardless of whether or not they have embarked the vessel.  Please read your Passage Contract carefully.

*Id*. (emphasis in the original).

A user may click "viewed online" on the terms and conditions page to read the Passage Contract.  *Id*.  By booking and purchasing a Silversea cruise, a passenger automatically is bound by the terms of the Passage Contract.  *Id*. at 6.  The Passage Contract contained the following provision.

**CHOICE OF LAW/PLACE OF SUIT**

> **IT IS SPECIFICALLY AGREED BY AND BETWEEN YOU, THE PASSENGER, AND THE CARRIER THAT ANY AND ALL DISPUTES AND MATTERS WHATSOEVER ARISING UNDER, IN CONNECTION WITH, OR INCIDENT TO THIS PASSAGE CONTRACT, YOUR BOOKING OF SPACE OR YOUR CRUISE SHALL BE LITIGATED SOLELY AND EXCLUSIVELY, IF AT ALL, IN AND BEFORE THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA IN BROWARD COUNTY, FLORIDA AND IN THE EVENT THAT UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA LACKS SUBJECT MATTER JURISDICTION THEN ANY SUIT MUST BE BROUGHT IN A COURT OF COMPETENT JURISDICTION LOCATED IN BROWARD COUNTY, FLORIDA TO THE EXCLUSION OF ANY OTHER COURT WHERE SUIT MAY OTHERWISE BE BROUGHT.**

*Id*.

On March 31, 2014, Mrs. Klein received a printed copy of the Passage Contract in a booklet entitled *Travel Journal*. *Id*. at 4-5. On April 8, 2014, Mrs. Klein acknowledged receipt of the booklet in an email to Kneale. *Id*.

On May 5, 2014, Klein was injured by a used syringe left in her cabin on the *MV Silver Spirit*. Plaintiff's Original Petition ¶ IV, *attached to* Defendant's Notice of Removal ("Notice of Removal") as Exhibit C (docket entry 1). On June 27, 2014, Mrs. Klein and her husband ("the Kleins") filed suit against Silversea in the County Court of Law No. 4, Dallas County, Texas, for negligence, negligent misrepresentation, and violation of the Texas Deceptive Trade Practices Act, TEX.

BUS. & COMM. CODE ANN. § 17.41, *et seq.* *See* Notice of Removal ¶¶ 1, 2. Silversea maintains that the Kleins are bound by the terms of the Passage Contract to file suit in the United States District Court for the Southern District of Florida, Fort Lauderdale Division, and move to transfer this case to that court. Motion at 1, 23.

## II. ANALYSIS

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense. . . .'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)). It is clear that this suit could have been brought in the the United States District Court for the Southern District of Florida, Fort Lauderdale Division. See *Bremen v. Zapata Off-Shore Company*, 407 U.S. 1, 15 (1972); see also *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-94 (1991). After review of the pleadings, the court finds that in the interest of justice and for the convenience of the witnesses and parties, the United States District Court for the Southern District of Florida, Fort Lauderdale Division, is a preferable forum. Accordingly, Silversea's motion to transfer is granted.

III.  CONCLUSION

For the reasons stated, the defendant's motion to transfer is **GRANTED**, and this action is **TRANSFERRED**, pursuant to 28 U.S.C. § 1404(a), to the **United States District Court for the Southern District of Florida, Fort Lauderdale Division**.

**SO ORDERED**.

January 14, 2015.

*A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**